UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNERGY CALIFORNIA LLC,<br><br>        Debtor/Appellant,<br><br>    v.<br><br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>        Appellee. | No.  2:21-cv-01429-JAM<br><br>Bankruptcy Court Case No. 21-20172-C-11<br><br>**ORDER DENYING SUNERGY'S EX PARTE MOTION FOR A STAY OF THE CHAPTER 11 TRUSTEE APPOINTMENT PENDING APPEAL** |

Sunergy California LLC ("Sunergy"), a solar manufacturer, is the debtor in the Chapter 11 bankruptcy action, Case No. 21-20172-C-11, and appellant in the action before this Court.  See Not. of Appeal, ECF No. 1.  Sunergy moves ex parte to stay the appointment of a Chapter 11 trustee pending the adjudication of its appeal.  See Mot., ECF No. 4.  The Official Committee of Unsecured Creditors ("Creditors' Committee" or "Committee") opposes Sunergy's motion, see Committee Opp'n, ECF No. 11, as does the Chapter 11 trustee, Jeffrey Perea ("Perea"), see Perea Opp'n, ECF No. 14.  Sunergy replied.  See Reply, ECF No. 16. After consideration of the parties' briefing and relevant legal authority[1], the Court DENIES Sunergy's motion.

## I.  BACKGROUND

Sunergy is a solar photovoltaic module manufacturer company

---

[1] As noted in the minute order at ECF No. 7, this motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

1

in the business of producing and selling solar panels. Mot. at 4. On January 20, 2021, Sunergy California LLC filed a petition for Chapter 11 bankruptcy protection with the United States Bankruptcy Court for the Eastern District of California ("Bankruptcy Court"). Id.

On July 8, 2021, the Committee filed a motion seeking to appoint a Chapter 11 trustee, which Sunergy opposed. Id. at 5. On July 28, 2021, the Bankruptcy Court granted the Committee's motion. Id.; see also Order Appointing Trustee, Ex. 2 to Gonzalez Decl., ECF No. 5. The United States Trustee appointed Jeffrey Perea. Committee Opp'n at 5. Sunergy then filed a notice of appeal. See Not. of Appeal.

On August 12, 2021, Sunergy filed an ex parte motion in the bankruptcy proceeding, asking the Bankruptcy Court to stay the appointment of the trustee pending appeal. Mot. at 5. That motion was denied on August 15, 2021. Id.; see also Order Denying Stay, Ex. 3 to Gonzalez Decl. In that order, the Bankruptcy Court explained: "This court ordered the appointment of a chapter 11 trustee pursuant to 11 U.S.C. sec. [1104(a)(2)] as being in the interest of creditors, any equity security holders, and other interests of the estate . . . whether sec. [1104(a)(1)] permitting a trustee to be appointed for cause including fraud, dishonesty, incompetence, or gross mismanagement also warranted a chapter 11 trustee is a red herring . . . [as] this court's ruling was premised on sec. [1104(a)(2)]." Order Denying Stay at 2. Further, the Bankruptcy Court stated: "this case has been plagued by too-little-too-late syndrome and an established pattern of disappointing performance over the long

period of time that it has been pending. No realistic opportunity for a successful business organization appeared to the court to be on the horizon. No creditor seriously opposed the appointment of a trustee." Id.

On August 20, 2021, Sunergy filed the present motion seeking a discretionary stay of the appointment of the trustee.

## II. OPINION

### A. Request for Judicial Notice

The Committee requests the Court take judicial notice of exhibits A through O, all of which are filings on the docket of the Eastern District bankruptcy case: In re Sunergy California, LLC, Bank. E.D. Cal. Case No. 21-cv-20172. See Committee's Req. for Jud. Notice ("RFJN"), ECF No. 12.

All of these exhibits are matters of public record and therefore proper subjects of judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Accordingly, the Court GRANTS the Committee's request for judicial notice. However, the Court takes judicial notice only of the existence of these documents and declines to take judicial notice of their substance, including any disputed or irrelevant facts within them. Lee, 250 F.3d at 690.

### B. Legal Standard

As Sunergy concedes, see Mot. at 6, a stay pending an appeal is not a matter of right, but instead an exercise of judicial discretion dependent upon the circumstances of the particular case. Lair v. Bullock, 697 F.3d 1200, 1203 (9th Cir. 2012) (citing Nken v. Holder, 556 U.S. 418, 433(2009)). To show that a stay pending appeal is justified, Sunergy must (1) "make a strong

3

showing that [it] is likely to succeed on the merits," (2) show that it "will be irreparably harmed absent a stay," (3) demonstrate that issuance of a stay will not "substantially injure the other parties interested in the proceeding," and (4) show that the "public interest lies" in favor of a stay. Hilton v. Braunskill, 481 U.S. 770, 776 (1987). The first two factors— strong showing of likelihood of success on the merits and irreparable injury—are "the most critical." Nken, 556 U.S. at 434. However, if the party seeking the stay fails to demonstrate any of the above factors, it "dooms the motion." In re Irwin, 338 B.R. 839, 843 (E.D. Cal. 2006).

Additionally, this Court reviews the bankruptcy court's decision under an abuse of discretion standard. See In re Lowenschuss, 171 F.3d 673, 685 (9th Cir. 1999)("we will reverse the bankruptcy court's decision to grant [the] motion to appoint a Chapter 11 Trustee only if the bankruptcy court abused its discretion.").

C. Analysis

Both the Committee and Perea contend Sunergy has not carried its burden on any of the four factors and particularly on the critical first and second factors. Committee Opp'n at 6-9; Perea Opp'n at 5-10. Sunergy insists it has. Mot. at 7-15; see also Reply.

As to the first factor, Sunergy must make a "strong showing" that success on the merits of the appeal is likely. Lair, 697 F.3d at 1203. The Court agrees with the Committee that Sunergy's motion "falls well short of the 'strong showing' the Ninth Circuit requires on this element." Committee Opp'n at 3.

4

Sunergy dedicates much of its motion to arguing the Bankruptcy Court erred in appointing a trustee under 11 U.S.C. Section 1104(a)(1). See Mot. at 8-12. But this argument misses the mark because the Bankruptcy Court appointed a trustee pursuant to Section 1104(a)(2), not Section 1104(a)(1).[2] Section 1104(a)(2) authorizes appointment of a trustee "if such appointment is in the interest of creditors, any equity security holders, and other interests of the estate." See also In re Peak Serum, Inc., 623 B.R. 609, 620 (Bankr. D. Colo. 2020) (explaining the bankruptcy court has especially broad discretion under Section 1104(a)(2) in determining whether appointment of a trustee is in the best interests of creditors and the estate). As Perea emphasizes, the statute's use of the word "or" at the end of Section 1104(a)(1) indicates that Section 1104(a)(2) is an entirely distinct basis upon which to appoint a trustee. Perea Opp'n at 5. Thus, Sunergy's attempt to create the appearance of an error by arguing that the Bankruptcy Court did not make findings of fraud, gross mismanagement, or incompetence, and therefore, there was no evidentiary basis to appoint a trustee under Section 1104(a)(1), see Mot. at 11-14, fails. It fails because the Bankruptcy Court did not need to make such findings when appointing a trustee under Section 1104(a)(2).

Here proceeding under Section 1104(a)(2), the Bankruptcy

---

[2] In its order denying a stay of the appointment of the trustee, the Bankruptcy Court confirmed this: "[Sunergy] argues that this court acted on a determination of incompetence under [11 U.S.C. § 1104(a)(1)]. That argument transmorgifies this court's ruling that was premised on [11 U.S.C. § 1104(a)(2)] based on the interest of creditors, equity security holders, and other interests of the estate." Order Denying Stay at 3.

1  Court found the appointment of a trustee would be in the best
2  interest of the Estate; and indeed, Sunergy's motion acknowledges
3  as much.  Mot. at 10 (noting a reason the Bankruptcy Court
4  provided for the appointment of the trustee was the "'united
5  resistance' of the creditor body and the best interest of the
6  estate").  The Bankruptcy Court's decision was not so
7  "illogical," "implausible," or "without support in inferences
8  that may be drawn from the facts in the record" that it
9  constitutes an abuse of discretion.  United States v. Hinkson,
10 585 F.3d 1247.  Accordingly, the Bankruptcy Court did not abuse
11 its discretion.  See In re Lowenschuss, 171 F.3d at 685.
12     Thus, Sunergy does not carry its burden on the first factor,
13 which alone "dooms the motion."  In re Irwin, 338 B.R. at 843.
14 Nevertheless, the Court discusses the remaining factors briefly:
15 as to the second factor, Sunergy argues it will suffer
16 irreparable injury if a stay is not imposed.  Mot. at 12-13.
17 Specifically, Sunergy characterizes the injury as follows: "if
18 the appointed trustee is permitted to proceed, all facts point to
19 the inevitable and eventual liquidation of the Debtor's assets
20 (including the Debtor's equipment and machinery) . . . If that
21 occurs, it will make the adjudication of the Debtor's Appeal moot
22 or of no consequence."  Id.  But as another Eastern District
23 Court explained: "it is well settled that an appeal being
24 rendered moot does not itself constitute irreparable harm."  In
25 re Irwin, 338 B.R. at 853 (denying discretionary stay pending
26 appeal in bankruptcy case).  Because the threat of mootness does
27 not constitute irreparable injury, Sunergy does not carry its
28 burden on the second factor.

As to third factor, Sunergy contends a stay will not result in a substantial injury to the bankruptcy estate, equity holders or creditors, and on the contrary, the Sunergy's "reorganization is clearly the only realistic goal to generate sufficient funds" to satisfy creditor claims.  Mot. at 14.  But upon careful review of the record in this case, the Court agrees with the Committee and Perea that a stay would harm the creditors and estate.  See Committee Opp'n at 8; Perea Opp'n at 9-10.  This factor also favors denial of a stay.

Finally, as to the fourth factor, Sunergy argues "this is not an issue of public interest (other than to show that bankruptcy cases should not be administered solely for the benefit of employed bankruptcy professionals)."  Mot. at 15.  But, as the Committee emphasizes, "t]here is great public interest in the efficient administration of the bankruptcy system."  Committee Opp'n at 5 (quoting In re Garden Regional Hospital and Medical Center Inc., 567 B.R. 820, 832 (Bankr. C.D. Cal. 2017)).  Here, granting a stay will frustrate the efficient administration of the bankruptcy case.  Accordingly, the final factor militates against a stay.

### III.  ORDER

For the reasons set forth above, a discretionary stay pending appeal is unwarranted.  Accordingly, the Court DENIES Sunergy's ex parte motion.  IT IS SO ORDERED.

Dated: October 27, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE